# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2642 | **DATE** | 7/5/2011 |
| **CASE TITLE** | Sequel Capital, LLC vs. Pearson, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons below, the Court denies Third Party Plaintiffs' motion to reset the briefing schedule on summary judgment [188].

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

This case began in state court in 2004. In 2007, after an amended pleading added federal claims, the case was removed to federal court. During the course of both the state and federal phases of the litigation, the assigned judges have given the parties considerable latitude in regard to their attempts to frame their claims. Of particular note in that regard is the fact that Third Party Plaintiffs William Pearson and Argus Industries, Inc. have been given five opportunities (an original and four amended complaints) to attempt to state a claim against Third Party Defendants Rally Capital Services, Inc. and Howard Samuels (collectively, the "Rally Defendants").

The most recent iteration of Third Party Plaintiffs' claims was filed in February 2010. The Court granted in part the Rally Defendants' motion to dismiss that fourth amended complaint in September 2010 [see 144]. As the Rally Defendants note [see 173, at 7], the claim that remains against them is whether they breached a fiduciary duty in connection with Defendant Samuels's service as acting Assignee following the sale of the Argus assets to Hartford on July 15, 2003. The Rally Defendants filed a motion for summary judgment on that claim [see 171] in January 2011.

In March 2011, the Rally Defendants filed a motion for decision [179]. In that motion, they took the position that Third Party Plaintiffs' failure to respond to the summary judgment motion within the time period provided in the Federal Rules should be deemed as a forfeiture of the opportunity to respond and that the Court should proceed to decision on the motion without the benefit of a brief from Third Party Plaintiffs. At the March 15 motion hearing, the Court rejected that contention and directed the parties to submit a joint status report with a proposed schedule for any discovery required by Third Party Plaintiffs prior to responding to the summary judgment motion and for briefing of the motion itself. [See 181.]

| STATEMENT |
|---|

In response to the Court's directive, the parties conferred and submitted a joint status report [184] in which they reported that by agreement Mr. Samuels would be deposed on April 18, 2011 and requested a briefing schedule pursuant to which Third Party Plaintiffs would respond by May 27, 2011 and the Rally Defendants would reply by June 17, 2011. The Court adopted the agreed briefing schedule in a minute order dated April 5, 2011 [see 185].

Regrettably, the May 27 deadline came and went without the filing of either a response brief or a motion seeking an extension of the agreed deadline. A few days later, on June 2, the Rally Defendants filed a "reply" brief [186] in which they observed that (1) the deposition did not go forward and (2) the response brief had not been filed.

It was not until more than two weeks later – on June 17 – that Third Party Plaintiffs placed on file a motion to reset the briefing schedule [188]. In that motion, Third Party Plaintiffs belatedly requested the extension on the grounds that counsel had been preparing for an oral argument that took place in New York on May 10 and that the client had been behind on payment to counsel for several months. Third Party Plaintiffs asked for 21 additional days to complete the deposition of Mr. Samuels (if it could be accomplished in that time frame) and to file their response brief.

The motion was noticed for presentment on June 29, 2011. Counsel for all parties except Third Party Plaintiffs (the moving party) were present. On behalf of his clients, counsel for the Rally Defendants expressed his clients' opposition to the motion. The Court took the matter under advisement.

Federal Rule of Civil Procedure 6(b) grants courts authority both to establish filing deadlines and to enforce them. FED. R. CIV. P. 6(b); see also *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006) (citing *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996)). "[C]ourt-imposed deadlines are no less binding merely because they have passed," and a court therefore is well within its discretion to deny a request to extend a deadline that has already passed. *Raymond*, 442 F.3d at 606. "The overriding principle at stake involves the district court's ability to mitigate the scourge of litigation delays by setting deadlines 'to force parties and their attorneys to be diligent in prosecuting their causes of action.'" *Id.* at 606-07 (quoting *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996)).

After careful review of all of the relevant circumstances in this case, the Court concludes that Third Party Plaintiff's motion should be denied. In reaching that determination, the Court is guided by several considerations. To begin with, the third party dispute has grown long in the tooth, and the record reflects a fairly consistent pattern of indulging Third Party Plaintiffs through multiple amendments of the pleadings and extensions of deadlines. In addition, the most recent scheduling order was set by agreement of the parties. It provided ample time to complete the anticipated deposition and the briefing of a straightforward, single-issue motion for summary judgment. At the time that those dates were agreed, proposed, and adopted, both lawyer and client on the Third Party Plaintiff side presumably were on board with the schedule. Furthermore, to the extent that circumstances arose that may have justified the alteration of that recently adopted schedule, the appropriate time for seeking the extension was *before* the deadline passed – not three weeks later. Even if counsel was not getting paid in a timely fashion, counsel still should have spent the fraction of an hour necessary to draft and file a motion for extension of time in a timely fashion.

The Court also does not find the asserted justifications for the extension very compelling – and all the less so given the belated fashion in which they were asserted. It seems implausible that, having agreed in mid- to late-March on the deposition and briefing schedule, counsel was not in position to both prepare for a May 10 oral argument and draft by May 17 a response to a 12-page summary judgment brief. But if the

| STATEMENT |
|---|

circumstances made that sort of multi-tasking impossible, the time to say so was *before* May 17. The justification for additional time likewise is lacking to the extent that the driving force behind the blown deadline was the lack of payment by the client. Again, the Court extended to Third Party Plaintiffs every inch of permissible latitude in the framing of their claims through several amended complaints. Given that history, it simply is unfair to the Rally Defendants to excuse Third Party Plaintiffs' actions in stalling the parties' ability to meet the recently agreed deadlines through their apparent inability to fund the litigation that they so vigorously have pursued. Finally, while the Court is cognizant that there may be more to the story than was provided in the limited presentation of the circumstances giving rise to the missed deadline and belated request to resurrect a briefing schedule set forth in the motion, the June 29 hearing on the motion provided an opportunity for amplification that went by the wayside when counsel for Third Party Plaintiffs failed to appear to present his own motion. Thus, although Third Party Plaintiffs may not have been recalcitrant or willful in missing the deadline, their reasons for doing so arguably were within their control, and their opportunity to seek an extension prior to the Court's deadline certainly was within their control. *Raymond*, 442 F.3d at 607, 608 (holding that "'the district court need not show repeated, willful, and recalcitrant conduct' to enforce its deadlines" (quoting *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992))).

As the length of this order reflects, the Court does not take lightly the decision to deny this motion. The Court is cognizant that Third Party Plaintiffs will be deprived of an opportunity to present their arguments in opposition to summary judgment and that the Court will be deprived of the benefit of considering those arguments in rendering its decision. However, on balance, the Court concludes that the motion [188] should be denied in light of Third Party Plaintiffs' delay in bringing it and their underwhelming arguments in support of the relief requested. The facts alleged in the Rally Defendants' Local Rule 56.1 statements therefore are deemed admitted. The Court will examine the Rally Defendants' motion for summary judgment on the merits and issue a decision in due course. See *Raymond*, 442 F.3d at 608 (holding that "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not, of course automatically result in judgment for the movant").