# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2642 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Sequel Capital, LLC vs. Pearson, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are (1) Defendant Pearson's motion for extension of time [224] to file response to the motion for summary judgment [205] filed by the Graffia Defendants and Third Party Defendants Hartford and Impero and (2) Plaintiff's oral motion for extension of time [see 226] to file response to the motion for summary judgment [198] filed by the Graffia Defendants. For the reasons stated below, Defendant Pearson's motion [224] is respectfully denied; Plaintiff's motion [see 226] is granted. Briefing on the Graffia Defendants' motion for summary judgment against Plaintiff [198] is extended as follows: Plaintiff's response brief is due on 2/7/2012; the Graffia Defendants' reply, if any, is due on 2/21/2012.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

As the Court previously explained in considerable detail [see 191] – and thus will not repeat here – it does not take lightly the decision to deny a motion for extension of time. However, there are circumstances in which the need "to force parties and their attorneys to be diligent in prosecuting their causes of action" (*Raymond v. Ameritech Corp.*, 442 F.3d 600, 606-07 (7th Cir. 2006)) warrants adherence to deadlines and an unwillingness to extend them once they are missed. Here, as set forth in the Court's prior order, Defendant Pearson has been given every indulgence in the framing and prosecution of his claims, only to repeatedly and flagrantly miss deadlines and then seek further indulgence weeks later. Regrettably, the instant motion follows that pattern. The due date for Pearson's brief, November 18, was set pursuant to agreement of the parties and missed because departing counsel failed to report the deadline to the lawyers at his firm who were to take over the case and the firm did not have in place any other docket tracking mechanism that might have picked up the oversight. The oversight was not detected until almost two months later, when the instant motion was filed. To his credit, counsel who has now taken over the case for Defendant since the last missed deadline has acknowledged the past problems and pledged that they will not recur on his watch. But in view of the history of this case and especially the Court's July 5 order, the Court cannot countenance the failure to file a response brief to the summary judgment motion, or to seek an extension of the deadline, in anything remotely resembling a timely fashion and without a persuasive justification. Accordingly, the motion for extension of time filed by Defendant Pearson is denied.

The circumstances are different as to Plaintiff. While the better practice would have been to file a motion for extension of time prior to the deadline, Plaintiff's reason for needing additional time – lead counsel's serious family crises – and prior history – which does not include habitual disregard of deadlines – place Plaintiff in far more favorable position to request an extension at this late date. In addition, although the deadline has passed, it did so only a few weeks ago (December 21). Finally, as the discussion on the record indicates, counsel for the

**STATEMENT**

movants would not have opposed the motion had it been filed at the appropriate time. For all of these reasons, the Court will grant the motion to extend the briefing on the Graffia Defendants' motion for summary judgment against Plaintiff [198]. Plaintiff's response brief is due on 2/7/2012; the Graffia Defendants' reply, if any, is due on 2/21/2012.