**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SEQUEL CAPITAL, LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | No. 07-cv-2642 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| WILLIAM PEARSON, ANTHONY GRAFFIA, SR., and ANTHONY GRAFFIA, JR., | ) ) ) ) | |
| Defendants. | ) ) | |
| ————————————————— | ) | |
| WILLIAM PEARSON and ARGUS INDUSTRIES, INC., | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| HARTFORD COMPUTER CORP., an Illinois corporation, ANTHONY GRAFFIA, JR., ANTHONY GRAFFIA, SR., RALLY CAPITAL SERVICES, LLC, an Illinois limited liability company, HOWARD SAMUELS, an individual, in his individual capacity and as Assignee-Trustee of Argus Industries, Inc., and IMPERO ELECTRONICS, INC., an Illinois corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Third-Party Plaintiffs William Pearson and his company, Argus Industries, Inc., filed a

fourth amended third-party complaint against Anthony Graffia, Sr., Anthony Graffia, Jr., and

their companies, Hartford Computer Corp. and Impero Electronics, Inc. (collectively, the

"Hartford Third-Party Defendants"), as well as Howard Samuels and his company, Rally Capital

Services, LLC (collectively, the "Rally Third-Party Defendants").[1]  Before the Court is the Hartford Third-Party Defendants' motion [205] for summary judgment as to all remaining counts against them.  For the following reasons, the motion [205] is granted.

## I.  Background[2]

In their Local Rule 56.1 statement, the Hartford Third-Party Defendants incorporate the factual findings from the Court's ruling on the Rally Third-Party Defendants' motion for summary judgment.  [208 at ¶ 1.]  To summarize, Argus manufactured, imported, and distributed digital cameras.  [197 at 3.]  In 2002, Argus was forced to default on secured loans from Sequel Capital, LLC, and J.P. Morgan Chase; the Sequel loans totaled $3 million.  [197 at 3.]  The Graffias claimed that Hartford could float Argus's need for capital.  [197 at 3.]  Rally suggested that Hartford acquire Argus's assets, with the proceeds used by Rally to repay Argus's creditors, including Sequel.  [197 at 4.]

In June 2003, Argus and Rally entered into a Trust Agreement and Assignment with Rally serving as assignee/trustee of Argus's assets.  [197 at 4.]  In addition, Rally and Hartford entered into an Agreement where Hartford agreed to purchase Argus's assets, subject to competitive bidding.  [197 at 4.]  Rally and Hartford also entered into a Collection Agreement, where if Hartford was the successful bidder, it would be responsible for collecting all but two of Argus's accounts receivable.  [197 at 4.]  But after undertaking due diligence, Hartford claimed that Argus's assets were substantially undervalued.  [197 at 4.]  So on July 15, Rally obtained

---

[1] The original third-party complaint also named James Zec, a deceased individual formerly employed with Rally.  But Third-Party Plaintiffs subsequently dismissed Zec as an individual defendant due to the insolvency of his estate.  [See 79, 144 at 4.]

[2] As explained below, Third-Party Plaintiffs have failed to controvert the Hartford Third-Party Defendants' statement of facts [208].  As a result, the Court deems those facts admitted if supported by admissible record evidence.  See Local Rule 56.1(b)(3)(C); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1102 (7th Cir. 1990).

permission from Argus's creditors to sell the assets to Hartford at a substantially reduced price. [197 at 4.] From these proceeds, the Chase loan was repaid.

It later became apparent that Argus' accounts receivable had been substantially overstated, rendering Sequel unable to fully recover its debt. [197 at 4-5.] In Fall 2003, Sequel requested that Rally dramatically reduce its involvement, allowing Hartford and Sequel to communicate directly. [197 at 5.] This agreement effectively placed Sequel in control of the collection of the accounts receivable. [197 at 5.] Subsequently, Sequel demanded that Rally pay Sequel the remaining funds from the Assignment under Rally's control. [197 at 5.] Finally, in October 2004, Sequel and Hartford entered into an Assignment and General Release where Sequel released Hartford from its obligations in exchange for an immediate payment of $505,000. [197 at 5.]

Third-Party Plaintiffs subsequently filed a fourth amended third-party complaint, alleging seven counts. [See 105-3.] Count I (breach of fiduciary duty) is directed solely at the Rally Third-Party Defendants. Counts II-IV (tortuous inducement of breach of fiduciary duty, tortuous interference with contract, and fraud) are directed at the Graffias and Hartford. Counts V and VI (fraudulent transfer) are directed at the Hartford Third-Party Defendants. And Count VII (contribution) is directed at the Graffias. The Court granted the Hartford Third-Party Defendants' motion for judgment on the pleadings with respect to Count IV. [145, 146.] The Court also denied the Rally Third-Party Defendants' motion to dismiss with respect to Count I, to the extent that the fourth amended third-party complaint alleged liability for the Rally Third-Party Defendants' conduct after the July 2003 sale of Argus's assets. [143, 144.]

The Rally Third-Party Defendants later filed a motion for summary judgment on Count I. [171.] After Third-Party Plaintiffs blew two deadlines to submit a response, the Court denied

their motion for a further extension.  [191.]  The Court then granted summary judgment for the Rally Third-Party Defendants based on their submissions.  [196, 197.]  Specifically, the Court found that the Rally Third-Party Defendants did not breach any fiduciary duty to Third-Party Plaintiffs; once Sequel exercised its right to control the Argus assets in Fall 2003, the Rally Third-Party Defendants were no longer in a position to undertake the duties that they allegedly failed to perform.  [197 at 7-8.]

Shortly thereafter, the Hartford Third-Party Defendants filed their motion for summary judgment, looking to piggy-back on the Court's findings in connection with the Rally Third-Party Defendants' motion.  [205.]  Again, Third-Party Plaintiffs failed to respond; they finally requested an extension nearly two months after the Court's deadline.  [See 224.]  The Court denied the motion, explaining again that it did not take the decision lightly and that Third-Party Plaintiffs had repeatedly and flagrantly missed deadlines.  [227.]  Accordingly, the Court only considers the Hartford Third-Party Defendants' submissions in deciding their motion.

## II.     Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party."  *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation omitted).  A genuine issue of material fact

exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In turn, summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. And the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S at 252.

### III.    Analysis

To repeat, in deciding the Rally Third-Party Defendants' motion for summary judgment, the Court determined that the Rally Third-Party Defendants did not breach any fiduciary duties. [197 at 7-8.] The Hartford Third-Party Defendants argue that this finding entitles them to summary judgment as well. The Court agrees.

In Count II (tortuous inducement of breach of fiduciary duty), Third-Party Plaintiffs allege that the Hartford Third-Party Defendants induced the Rally Third-Party Defendants' breach of fiduciary duty. As previously discussed, this claim requires proof that the Rally Third-Party Defendants breached their fiduciary duties. [See 146 at 12-16.] Because the Rally Third-Party Defendants did not breach any fiduciary duties, summary judgment is appropriate for the Hartford Third-Party Defendants on Count II.

In Count III (tortuous interference with contract), Third-Party Plaintiffs similarly allege that the Hartford Third-Party Defendants induced the Rally Third-Party Defendants to breach their contract with Argus. As previously discussed, this claim requires proof that the Rally Third-Party Defendants failed to use their best judgment in carrying out the terms of the contract post-sale—that is, that they breached their fiduciary duties.[3] [See 146 at 16-17.] Because the Rally Third-Party Defendants did not breach any fiduciary duties, summary judgment is appropriate for the Hartford Third-Party Defendants on Count III.

In Counts V and VI (fraudulent transfer pursuant to 740 ILCS 160/5(a)(1) and (a)(2)), Third-Party Plaintiffs allege that Hartford fraudulently transferred all of its assets to Impero. As previously discussed, these claims require proof that Third-Party Plaintiffs have a "right to payment" against the Hartford Third-Party Defendants. [See 146 at 20-22.] Because the result of this motion is an award of summary judgment to the Hartford Third-Party Defendants on all remaining counts, Third-Party Plaintiffs have no "right to payment." Accordingly, summary judgment is appropriate for the Hartford Third-Party Defendants on Counts V and VI.

In Count VII (contribution/offset), Third-Party Plaintiffs allege that the Graffias are liable to Pearson for any sums awarded to Sequel in the underlying action. As previously discussed, this claim requires proof that the Graffias and Pearson are joint tortfeasors. [See 146 at 22-23.] Unlike the other counts, and contrary to the Hartford Third-Party Defendants' contention [see 207 at 5], this claim is not resolved by the Court's grants of summary judgment against Third-Party Plaintiffs. Rather, this claim is dependent on the resolution of the *underlying* action. See *Kerschner v. Weiss & Co.*, 667 N.E.2d 1351, 1355 (Ill. App. Ct. 1996) ("Contribution contemplates the distribution of liability for a loss among joint tortfeasors according to each

---

[3]  To repeat, the sole count against the Rally Third-Party Defendants alleges breach of fiduciary duty. There is no independent breach of contract claim.

tortfeasor's percentage of relative fault."). Nevertheless, concurrent with this decision, the Court also is granting the Graffias' motion for summary judgment in the underlying action. As a result, Pearson and the Graffias are not joint tortfeasors. Accordingly, summary judgment is appropriate for the Hartford Third-Party Defendants on Count VII.

## IV. Conclusion

For the foregoing reasons, the Hartford Third-Party Defendants' motion for summary judgment [205] as to Counts II, III, V, VI, and VII is granted. With summary judgment now having been entered for the Third-Party Defendants on all counts, the fourth amended third-party complaint is dismissed in its entirety.

Dated: July 3, 2012

_____
Robert M. Dow, Jr.
United States District Judge